Chen v. Whitaker

BIA
Christensen, IJ
A205 727 791
A205 846 586

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of December, two thousand eighteen.

PRESENT:
 GUIDO CALABRESI,
 JOSÉ A. CABRANES,
 RAYMOND J. LOHIER, JR.,
  *Circuit Judges.*

_____

HUI CHEN, QIANG CHEN,
  *Petitioners,*

 v.                                          17-611
                                             NAC
MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONERS:          Aileen Shao, New York, NY.

FOR RESPONDENT:           Chad A. Readler, Acting Assistant
                          Attorney General; M. Jocelyn Lopez
                          Wright, Senior Litigation Counsel;
                          Lori B. Warlick, Trial Attorney,
                          Office of Immigration Litigation,
                          United States Department of
                          Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Hui Chen and Qiang Chen, natives and citizens of the People's Republic of China, seek review of a February 1, 2017, decision of the BIA affirming a February 18, 2016, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Chen, Qiang Chen,* Nos. A205 727 791, A205 846 586 (B.I.A. Feb. 1, 2017), *aff'g* Nos. A205 727 791, A205 846 586 (Immig. Ct. N.Y. City Feb. 18, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

2

determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Hui and Qiang were not credible as to their claims that police detained Hui and targeted Qiang on account of their religious practice in China and that they continue to attend church in the United States.

In finding Hui and Qiang not credible, the agency reasonably relied on their inconsistent statements regarding each other's experiences with religion and police in China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Hui testified that he knew his brother was Christian and had been threatened with arrest in China, but he did not mention these facts in his asylum application even though he was explicitly asked to do so. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 78 (2d Cir. 2018) ("[T]he probative value of a witness's . . . silence on particular facts depends on whether those facts are ones the

3

witness would reasonably have been expected to disclose.").
Similarly, Qiang testified that he was aware of his brother's religion and detentions but failed to disclose them in his own application. *See id.* The agency was not compelled to credit their explanation that they omitted this information because they do not get along or communicate given that they knew about each other's troubles despite their lack of communication. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)). The agency also reasonably relied on the implausibility that Hui and Qiang would not mention each other in their asylum applications when they attended underground churches in the same village during the same period, were confronted by police for attending church within months of each other, and fled China for the United States three days apart with the help of the same smuggler. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-68 (2d Cir. 2007) (recognizing that adverse credibility determination may be based on inherent implausibility in applicant's story if the "finding is tethered to record evidence" or based on common sense).

4

The agency also reasonably found that Hui and Qiang's mother's letter, which was submitted in support of Hui's application, omitted any mention that Qiang was Christian or that he was wanted by police for an attack on a police officer during a raid on his church. *See Hong Fei Gao*, 891 F.3d at 82 (agency did not err in relying on omission of applicant's beating in detention from mother's letter because letter "discusse[d] other post-arrest events"); *see also Xiu Xia Lin*, 534 F.3d at 166-67 & n.3. The agency was not compelled to credit Qiang's explanation that his parents are not educated given that his mother managed to prepare a letter for Hui. *See Majidi*, 430 F.3d at 80.

Having questioned Hui's and Qiang's credibility, the agency reasonably relied further on their failure to rehabilitate their testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency did not err in declining to afford weight to their mother's letter, which was unsworn and from an interested party who was not available for cross-examination.

5

*See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to relative's letter from China because it was unsworn and from an interested witness). The agency reasonably declined to credit Hui's handwritten detention certificates and fine receipt because they were not authenticated by any means. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006) (holding that determination of the weight of evidence is largely matter of agency discretion); *see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214-16 & n.5 (B.I.A. 2010) (declining to credit village committee notices that were unauthenticated, unsigned, and prepared for purposes of removal proceedings), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012). Further, Hui and Qiang did not submit any evidence from their churches or from fellow church members corroborating their church attendance in either China or the United States.

Given the inconsistencies and lack of reliable corroboration, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. Contrary to Hui and Qiang's argument, the adverse

6

credibility determination applied not only to their testimony about past events but extended to their claimed fear of future persecution because the agency did not credit their testimony that they are practicing Christians. Accordingly, the adverse credibility determination was dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

7